UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYNARD DESHAWN COLEMAN,

    Plaintiff,

v.

CORIZON HEALTH,
SHARON R. DRAVELING,
PAULA E. BUSKE,
CYNTHIA MCGINNIS,
PATRICIA SCHMIDT,
KIM FARRIS,
JULIANA MARTINO,
HEATHER COOPER,
TERI JOHNSON,
HAROLD OBIAKOR,
JOHN & JANE DOES (#1-5),
UNKNOWN MARCUS, and
UNKNOWN AMALFTANO,

    Defendants.
_____/

Case No. 5:21-cv-13061
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR THE APPOINTMENT OF COUNSEL (ECF Nos. 4, 19)

### A. Background

Raynard Deshawn Coleman is currently incarcerated at the Michigan Department of Corrections (MDOC) Macomb Correctional Facility (MRF). On December 29, 2021, while housed at MRF, Coleman filed the instant lawsuit against Corizon Health, several individuals purportedly located at MRF, and John

1

and Jane Does (#1-5). (ECF No. 1, PageID.4-8 ¶¶ 8-20.) As a matter of background, Plaintiff explains that around June 2010, he "suffered severe physical trauma as a result of a vehicle collision." (*Id.*, PageID.8 ¶ 22.) He describes his pre-arrest and post-arrest medication regimens. (*Id.*, PageID.9-10 ¶ 24.) He claims to have arrived at MRF on or about August 28, 2019. (*Id.*, PageID.10 ¶ 25.) The facts underlying Plaintiff's complaint stem from his arrival at MRF and continue to July 13, 2021. (ECF No. 1, PageID.11-29 ¶¶ 29-125.) His claims for relief are based on retaliation & discrimination, cruel & unusual punishment, failure to protect, equal protection and due process. (*Id.*, PageID.29-33 ¶¶ 126-137.)

On January 18, 2022, the U.S. Marshal Service attempted service by mail upon all but the John Doe Defendants. (ECF No. 9.) To date, eleven Defendants – Corizon Health, Buske, Schmidt, Farris, Martino, Obiakor, Marcus, Draveling, McGinnis, Johnson and Amalfitano – have appeared. (ECF Nos. 11, 14-18, 20, 22, 24 & 26.) Defendant Cooper has yet to appear.

**B.     Instant Motion**

Judge Levy has referred this case to me for all pretrial matters. (ECF No. 10.) Currently before the Court are Plaintiff's December 29, 2021 and February 14, 2022 motions for the appointment of counsel. (ECF Nos. 4, 19.) As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are

2

governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal

3

and external citations omitted).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

**C. Analysis**

Here, Plaintiff cites 28 U.S.C. § 1915(e)(1). (ECF No. 4, PageID.250; ECF No. 19, PageID.282.) The record of this case contains copies of his attempts to secure counsel. (ECF No. 1, PageID.40-56; *see also* ECF No. 4, PageID.251 ¶ 8; ECF No. 19, PageID.283 ¶ 8.) Still, in light of the limited pool of attorneys who are willing to accept appointments *pro bono publico* in this District and the large number of cases in which there are *pro se* parties, the Court does not typically recruit counsel until a case has survived dispositive motion practice and is clearly

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

headed to trial, unless exceptional circumstances have been demonstrated. The Court sincerely wishes that it were possible to do otherwise, as the presence of counsel very often renders litigation more efficient and undoubtedly renders aid to litigants who lack legal training; however, given the limited number of attorneys who are willing to take on these assignments when the case is already in trial mode, the Court knows from experience that obtaining qualified counsel for prisoner litigants is even more unlikely during pretrial proceedings, when costs and the expenditure of time without remuneration can become onerous to licensed attorneys. Plaintiff has not convinced the Court that there are any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial in this case.

Moreover, although Plaintiff's complaint is lengthy, *i.e.*, 34 pages or 137 paragraphs, the claims for relief – retaliation & discrimination, cruel & unusual punishment, failure to protect, equal protection and due process – are not notably unusual and frequently appear in prisoner civil rights cases. (ECF No. 1, PageID.29-33 ¶¶ 126-137.) Beyond his complaint, Plaintiff's other filings – his application to proceed without prepaying fees or costs, his motion for preliminary injunction, and his motions to appoint counsel (ECF Nos. 2, 3, 4 & 19) – demonstrate an ability to represent himself comparable to or perhaps even beyond that of others in his situation. In addition to arguing the complexity of this case,

Plaintiff gives several reasons in support of his request for the Court to recruit counsel, including but not limited to: (a) he cannot afford an attorney (ECF No. 4, PageID.250 ¶ 1; ECF No. 19, PageID.282 ¶ 1); (b) imprisonment will impair his ability to litigate, such as with investigation, discovery, and depositions, and he "will also need help locating witnesses [who] are no longer" employees at MRF (*id.*, ¶ 2); (c) he "has never before been a party to a civil legal proceeding" and "will not grasp the language of the law nor the medical language . . . [,]" (*id.*, ¶ 3); (d) his case "involves medical issues that may require expert testimony . . . [,]" (*id.*, ¶ 5); and, (e) he "has an eighth grade education and no legal training . . . [,]" (*id.*, ¶ 6). None of the reasons given for his need for counsel are unusual or exceptional for prisoner litigants or for cases involving medical conditions. Moreover, even if Plaintiff had counsel, there would be no guarantee that counsel would be willing or able to advance the costly fees associated with retaining experts.

**D.   Order**

Accordingly, Plaintiff's December 29, 2021 and February 14, 2022 motions for the appointment of counsel (ECF Nos. 4, 19) are **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future. Plaintiff's December

6

29, 2021 motion for preliminary injunction (ECF No. 3) will be addressed under separate cover.

**IT IS SO ORDERED.**[2]

Dated: March 31, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).