UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYNARD DESHAWN
COLEMAN (#243482),

        Plaintiff,

v.

CORIZON HEALTH, INC., *et al*.,

        Defendants.

Case No:  4:21-cv-13061

District Judge F. Kay Behm

Magistrate Judge Anthony P. Patti

**ORDER GRANTING MDOC DEFENDANT JOHNSON'S MOTION TO TAKE PLAINTIFF'S DEPOSITION and CONDUCT LIMITED DISCOVERY and for LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT (ECF No. 64), GRANTING AS UNOPPOSED CORIZON DEFENDANT OBIAKOR'S MOTION TO STAY PROCEEDINGS (ECF No. 66), and STAYING THE CASE ONLY AS TO THE REMAINING CORIZON DEFENDANTS**

**A.   Background**

Plaintiff initiated this case in December 2021 against twelve named Defendants, some employed by the Michigan Department of Corrections (MDOC) and others by Corizon Health, Inc. (Corizon), as well as several John Does. Pursuant to the initial scheduling order, motions averring a failure to exhaust administrative remedies, raising the defense of qualified immunity, or for dismissal under Fed. R. Civ. P. 12 were due on August 2, 2022; the deadline for completion

of discovery was January 9, 2023; and, the deadline for all other dispositive motions was February 8, 2023. (ECF No. 38.)

From May 2022 to August 2022, multiple exhaustion-based dispositive motions were filed (ECF Nos. 33, 35, 44, 46), and the related reports and recommendations were entered by January 20, 2023 (ECF Nos. 48, 49, 50, 51). Shortly thereafter, Corizon's parent company filed a voluntary bankruptcy petition. (ECF No. 52.)

On September 13, 2023, Judge Behm entered an order, which accepted and adopted these reports and recommendations and dismissed all claims *except*: (1) some relating to Defendant Johnson, an MDOC Defendant; and, (2) all relating to Defendants Corizon, Obiakor, and Schmidt. (ECF No. 59.) Currently, Defendant Johnson is represented by Assistant Attorney General (AAG) James E. Keathley (ECF No. 53); Defendants Corizon and Schmidt are represented by Attorney Nicholas Pillow (*see* ECF No. 44); and, Defendant Obiakor is represented by Attorney Thomas G. Hackney (ECF No. 60).

**B.     Instant Matters**

Presently before the Court are: (1) MDOC Defendant Johnson's December 13, 2023 motion to conduct limited discovery, take Plaintiff's deposition, and for leave to file a second motion for summary judgment (ECF No. 64); and, (2) Corizon Defendant Obiakor's December 15, 2023 motion to stay proceedings

(ECF No. 66).  Judge Behm has referred each of these motions for hearing and determination.  (ECF Nos. 65, 68.)  Having reviewed these motions, I conclude that oral argument is not necessary.  *See* E.D. Mich. LR 7.1(f)(2).

**C.     MDOC Defendant Johnson's motion**

Upon consideration, the Court agrees with MDOC Defendant Johnson that the Court should permit MDOC Defendant Johnson to:  (1) "engage in limited discovery now that [the MDOC Defendants'] motion to dismiss [*i.e.*, ECF No. 33] has been ruled upon, and the remaining [MDOC] defendant and surviving claims have been identified by the court[;]" (2) take Plaintiff's deposition (permission of the Court being required under Fed. R. Civ. P. 30(a)(2)(B), because the proposed deponent is incarcerated); and, (3) "file a second motion for summary judgment, so that the merits of the Plaintiff's constitutional claims may be addressed[.]"  (ECF No. 64, PageID.909.)  (*See also id.*, PageID.912-913.)

Accordingly, **IT IS HEREBY ORDERED** that MDOC Defendant Johnson's motion (ECF No. 64) is **GRANTED**, and she is given leave to conduct limited discovery, take Plaintiff's deposition, and file a second motion for summary judgment.  MDOC Defendant Johnson **SHALL** have "a minimum of sixty (60) days to complete the limited discovery . . . and an additional thirty (30) days after discovery closes to file a dispositive motion on Plaintiff's remaining claims."  (*Id.*, PageID.914.)  MDOC Defendant Johnson shall be permitted to take

Plaintiff's deposition for all purposes allowed by the Federal Rules of Civil Procedure.  The deposition may occur either in person, by telephone, or via video teleconference, at MDOC Defendant Johnson's option and consistent with the requirements and needs of Plaintiff's place of incarceration.  As for MDOC Defendant Johnson only, the discovery deadline is extended to **April 23, 2024**, and any dispositive motion shall be filed no later than **May 23, 2024**.

**D.    Corizon Defendant Obiakor's motion**

Any response to Corizon Defendant Obiakor's Friday, December 15, 2023 motion to stay proceedings (ECF No. 66) was due on or about Friday, December 29, 2023.  E.D. Mich. LR 7.1(e)(1)(A).  "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).  To date, Plaintiff has not filed a response.  Accordingly, **IT IS HEREBY ORDERED** that the motion (ECF No. 66) is **GRANTED AS UNOPPOSED**, and "proceedings in this matter [are stayed as to the Corizon Defendants only] for 90 days, or until further order of the Court."  (*Id.*, PageID.927.)  This stay **SHALL** apply not only to the movant, Corizon Defendant Obiakor, but also to the other, remaining Corizon Defendants (*i.e.*, Corizon Health and Schmidt); however, MDOC Defendant Johnson, whose representation is unaffected by Corizon's bankruptcy, is entitled not to have her day in court further delayed.  This ruling is without prejudice to the Corizon Defendants later seeking

to depose Plaintiff anew, request their own opportunity to conduct discovery, and file their own dispositive motions, the Court having to balance the possible discovery inefficiencies or redundancies against MDOC Defendant Johnson's right to pursue her defense.

    **IT IS SO ORDERED.**[1]

Dated: January 24, 2024

                                  ANTHONY P. PATTI
                                  UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 25, 2024, by electronic and/or U.S. First Class mail.

                                  s/Aaron Flanigan
                                  Case Manager

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).